**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1770
_____

UNITED STATES OF AMERICA

v.

CARLOS C. HILL,
                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-12-cr-00243-001)
District Judge: Honorable Sylvia H. Rambo
_____

Argued:  June 27, 2023

Before: JORDAN, KRAUSE, and MONTGOMERY-REEVES, *Circuit Judges.*

(Filed: April 12, 2024)

Lisa B. Freeland
Samuel G. Saylor **[ARGUED]**
Office of Federal Public Defender
1001 Liberty Avenue
Suite 1500
Pittsburgh, PA 15222
     *Counsel for Appellant*

Gerard M. Karam
Jaime M. Keating
Carlo D. Marchioli
Office of United States Attorney
Middle District of Pennsylvania
Sylvia H. Rambo United States Courthouse

1501 N 6th Street, 2nd Floor
P.O. Box 202
Harrisburg, PA 17102

John-Alex Romano **[ARGUED]**
United States Department of Justice
Criminal Division
Room 7101
1400 New York Avenue NW
Washington, DC 20005
    *Counsel for Appellee*

——————

OPINION[*]

——————

MONTGOMERY-REEVES, *Circuit Judge.*

In June 2021, Carlos Hill began a period of supervised release after serving ten years in prison. He almost immediately violated conditions of his supervised release by testing positive for cocaine. After several violations, he was arrested and remanded to a secure inpatient treatment center. After Hill completed the inpatient treatment, he continued to violate conditions of his supervised release, culminating in the revocation of his supervised release in April 2022. Upon revocation of his release, the District Court sentenced him to 12 months and one day of incarceration followed by 12 months of supervised release. Hill contends that the sentence was unreasonable given his struggles with addiction and mental health, but for the reasons discussed below, the sentence was

———————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

both procedurally and substantively reasonable. Thus, we will affirm the District Court's judgment.

## I. BACKGROUND

In March 2013, Hill was convicted of possessing a firearm in violation of 18 U.S.C. § 922(g). He was sentenced to 235 months' imprisonment followed by five years of supervised release. In June 2018, pursuant to 28 U.S.C. § 2255, the District Court reduced Hill's sentence to 120 months in prison followed by three years of supervised release. In June 2021, Hill was released from custody and began his term of supervised release. The conditions of Hill's supervised release included, among other things, not committing another crime, not unlawfully possessing a controlled substance, refraining from any unlawful use of a controlled substance, submitting for drug testing, living in a place approved by his probation officer, and allowing his probation officer to visit at any time.

Shortly after Hill commenced supervised release, he submitted a urine sample that tested positive for cocaine and admitted that he had used cocaine roughly three days earlier. A few weeks later, Hill failed to provide a usable urine sample for testing. The next day, Hill submitted a urine sample that again tested positive for cocaine. From June to August 2021, Hill's probation officer tried and failed several times to contact Hill. At the end of July 2021, the District Court issued a warrant for Hill's arrest due to alleged violations of his supervised release. Hill was arrested in Harrisburg soon thereafter. After his arrest, Hill submitted a urine sample that screened positive for cannabinoids, cocaine, and synthetic cannabinoids. The same day, Hill appeared in District Court, and

3

the parties agreed that he would benefit from inpatient treatment. Hill was admitted to a secure inpatient treatment facility at the beginning of September and completed the inpatient program in early October. By the end of October, Hill's probation officer could no longer reach Hill. In November, Hill failed to appear for a drug test, was evicted from his home, and his whereabouts became unknown.

In January 2022, the District Court issued a superseding warrant for Hill. He was arrested in March. The same day, the District Court held a preliminary probable cause hearing regarding the alleged violations of the conditions of Hill's supervised release. Hill's probation officer prepared a Dispositional Report for the District Court ahead of the final revocation hearing, which set out the relevant statutory and guideline provisions for revocation and sentencing. Under U.S.S.G. § 7B1.4(a), Hill's Federal Sentencing Guidelines range considering his criminal history and supervised release violations was 8–14 months.

The final revocation of supervised release hearing was held in April 2022. At the hearing, Hill argued that due to the time he was in custody after his August 2022 arrest, the time he spent in inpatient treatment in September–October 2022, and the time he spent in custody after his March 2022 arrest, he should not be incarcerated further but instead should be released from supervision completely. Hill admitted that due to his mental health issues and struggles with addiction, he "is incredibly difficult to supervise" and that even if the District Court ordered further treatment or imposed a jail sentence there was no guarantee that Hill would get and stay sober. App. 84–85. The Government

4

argued that Hill's relapse after his release from prison showed that Hill needs structure and that further incarceration would be "therapeutic." App. 87.

The District Court found that Hill had violated the conditions of his release and revoked his term of supervision. The District Court sentenced Hill to 12 months and one day of incarceration followed by 12 months of supervised release. The District Court justified this sentence as "appropriate in order to provide adequate community protection and deterrence" and to provide Hill with structure and control because Hill would be "a big danger to the community and to himself" if he was "turn[ed] loose." App. 88; 90–91. Hill appealed.

## II. DISCUSSION[1]

Hill contends that his sentence was procedurally and substantively unreasonable. Procedurally, "[t]he touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Tomko*, 562 F.3d 558, 575 (3d Cir. 2009) (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)) (citing *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006)). The § 3553(a) factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant;" the need for the sentence imposed "to reflect the seriousness of the

---

[1] The District Court had judication under 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. "This Court reviews the procedural and substantive reasonableness of a district court's sentence upon revocation of supervised release for abuse of discretion." *United States v. Doe*, 617 F.3d 766, 769 (3d Cir. 2010) (citing *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007)), *overruled on other grounds by Tapia v. United States*, 564 U.S. 319 (2011).

offense," to provide "adequate deterrence," and "to protect the public from further crimes of the defendant;" the kinds of sentences available and the sentencing range; and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). "If a sentencing court followed the appropriate procedures in imposing the sentence, we then look to whether the sentence itself was substantively reasonable." *Doe,* 617 F.3d at 770 (citing *Cooper*, 437 F.3d at 330). "Absent procedural error, we will affirm the sentencing court 'unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.'" *Id.* (quoting *Tomko*, 562 F.3d at 568).

Here, the record, taken as a whole, shows that the District Court gave "rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *Tomko*, 562 F.3d at 575 (quoting *Grier*, 475 F.3d at 571). Before the revocation hearing, Hill's probation officer created a Dispositional Report for the District Court that laid out the allegations regarding the violations of the supervised release conditions as well as Hill's personal and criminal history. At the revocation hearing, the District Court heard testimony from Hill's probation officer and Hill himself about the violations of the supervised release conditions, the difficulties with supervising Hill, and Hill's struggles since being released from prison. Ultimately, the District Court concluded that to deter criminal conduct, protect the community from Hill, and protect Hill from himself, a prison sentence was warranted. Because the District Court gave rational and meaningful consideration to the relevant § 3553(a) factors, the sentence was procedurally reasonable.

Having found no procedural defect, we must next consider whether Hill's sentence was substantively reasonable. "As to substantive reasonableness, we note that the . . . sentence is presumptively reasonable, as it falls within the applicable Guidelines range." *United States v. Pawlowski*, 27 F.4th 897, 912 (3d Cir. 2022). Hill's sentence was in the middle of the Guidelines range, and the District Court explained the need to deter Hill from continuing to repeat criminal conduct and to protect Hill and the community. Based on these reasons we cannot say that "no reasonable sentencing court would have imposed the same sentence on [this] particular defendant for the reasons the district court provided," making the sentence substantively reasonable. *Doe*, 617 F.3d at 770. As Hill's sentence was both procedurally and substantively reasonable, the District Court did not abuse its discretion.

## III. CONCLUSION

For the reasons discussed above, we will affirm the District Court's judgment.